STATE OF MINNESOTA *vs.* WILLIAM P. HOAG and another.

May 22, 1876.

Criminal Practice—What Cases may be Certified.—*State* v. *Byrud* (*ante* p. 29) followed, and applied to this case.

Case certified by the district court for Wabasha county, *Mitchell*, J., presiding.

*Geo. P. Wilson*, Attorney General, for the State.

*Wilson & Taylor*, for defendants.

BERRY, J. This case must follow *State* v. *Byrud* (*ante*

p. 29.) The first question certified arose upon an objection to the introduction of evidence under the indictment. The second question certified arose upon a motion for an instruction to the jury. As it does not appear that the defendants were convicted, the case does not fall within the provisions of Laws 1870, c. 76, § 1, under which it is attempted to be brought to this court. It is further to be observed that it does not appear that the questions raised were passed upon or determined by the court below.

Proceedings dismissed.[1]

---

[1] STATE OF MINNESOTA vs. A. G. WEDGE. (June 26, 1876.)

GILFILLAN, C. J. This case stands in the same position as *State* v. *Byrud* and *State* v. *Hoag*, disposed of at this term. It comes here without any decision of the court below, and this court has no jurisdiction over it, and it must be dismissed. It will, therefore, be remanded to the court below for its action.

*John A. Lovely*, for the State.

*Stacy & Tyrer*, for defendant.